**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Warren James BLAND,**
**Defendant–Appellant.**

No. 89–50414.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted May 9, 1990.

Decided July 11, 1990.

Steven J. Riggs, Federal Defenders of San Diego, Inc., San Diego, Cal., for defendant-appellant.

Judith S. Feigin, Asst. U.S. Atty., San Diego, Cal., for plaintiff-appellee.

Before REINHARDT, LEAVY and RYMER, Circuit Judges.

LEAVY, Circuit Judge:

## OVERVIEW

Police captured Warren James Bland after spotting him beside a car that he was reported to have stolen. Bland was shot in the leg while attempting to flee. A gun was found in the car. When Bland's parole officer interviewed him at the hospital nine days after the shooting, Bland confessed stealing the gun and the car. Bland was charged with being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) (1988), and given a life sentence pursuant to an enhancement for being a career criminal under 18 U.S.C. § 924(e)(1) (1988). We reverse and remand for a new trial.

## FACTS AND PROCEEDINGS

In early 1987 the San Diego Police had a warrant for the arrest of Bland for the torture, molestation, and murder of a seven year-old girl. A police task force searching for Bland was informed that Bland was driving a stolen car and was probably armed. On February 9, 1987, Officer Birse spotted Bland at a parking lot standing by a car which fit the description of the stolen car. Birse ordered Bland not to move. Bland attempted to flee, and Birse shot him. The bullet struck Bland's leg.

Bland was hospitalized. Nine days after the shooting, Bland's parole officer, John Blum, visited him at the hospital's jail ward. As they began to talk about the shooting, Blum attempted to advise Bland of his rights under *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). Bland interrupted him, saying he had heard the *Miranda* warning "a million times before." Nonetheless, Blum administered the warning. The government concedes that the warning failed to include a statement that Bland had a right to have an attorney present during questioning. Bland then confessed to having stolen both the car and the gun.

Bland, a felon, was charged with being a felon in possession of a firearm, a violation of 18 U.S.C. § 922(g)(1). At a hearing on a motion to suppress the confession, the district court held that the *Miranda* warning, though incomplete, was adequate. It then denied the motion, concluding that Bland had waived his *Miranda* rights.

Prior to trial Bland informed the court that his defense theory at trial would be that officer Birse planted the gun in the car. According to Bland, Birse planted the gun in order to justify the shooting.

The government stated that if the shooting was made an issue at trial, it would seek to introduce evidence of Birse's state of mind at the shooting, including a description of the details that Birse knew supported the outstanding warrant. Reporter's Transcript 3/12/89 at 17. Bland objected to the admissibility of the facts underlying the outstanding warrant, and offered to stipulate to the jury that officer Birse was entitled to shoot Bland as a fleeing felon, if the facts underlying the warrant were kept from the jury. The government rejected the stipulation.

At voir dire, the district court told the jury venire of the details underlying the warrant for Bland's arrest. Bland was subsequently found guilty as charged.

Bland challenges the district court's evidentiary rulings and the legality of his sentence. We do not reach Bland's arguments regarding the legality of his sentence because we conclude that his conviction should be reversed and he should be granted a new trial.

## STANDARD OF REVIEW

The adequacy of a *Miranda* warning is a legal question reviewable de novo, *United States v. Connell*, 869 F.2d 1349, 1351 (9th Cir.1989), although " 'the factual findings underlying the adequacy challenge, such as what a defendant was told, are subject to clearly erroneous review.' " *Id.* (quoting *United States v. Doe*, 819 F.2d 206, 210 n. 1 (9th Cir.1985) (Fletcher, J., concurring)). The district court's admission of evidence is reviewed for abuse

of discretion. *United States v. Gillespie,* 852 F.2d 475, 478 (9th Cir.1988).

## DISCUSSION

### I. Admissibility of the Facts Underlying the Warrant

■ In its introductory comments to the jury venire, the district court said:

All right. Now, it is anticipated that detective Birse will testify in this case that the reason he shot the defendant at the scene of the arrest was because he believed the defendant was attempting to escape from his arrest[.]

And further, that the detective had in his mind knowledge of certain factors, which, to him, indicated a reason to prevent this defendant from escaping. And included in those reasons, I believe he will tell you, that he, detective Birse, believed that Mr. Bland was a suspect in three separate homicides; that he, detective Birse, had knowledge of a warrant for the arrest of Mr. Bland for first-degree murder, and that murder, Mr. Birse will tell you, it was his belief that the warrant that was issued had to do with the charge against this defendant for the molestation and torture and murder of a seven-year-old girl.

Reporter's Transcript 3/21/89 at 70. The district court then instructed the jury venire that the evidence of Birse's state of mind did not establish Bland's guilt in the crime described by the warrant, and that they could not consider the evidence for that purpose. The court gave similar limiting instructions throughout the trial.

Bland argues that any evidence of the warrant was not relevant and should not have been admitted. We agree with the district court that evidence of the existence of the warrant was relevant given Bland's theory of defense. Bland's theory was that Birse was the source of the gun because Birse had a motive to plant it. The government thus became entitled to show that Birse did not have the motive to plant the gun, and that therefore it was more likely that the gun that was found in the car belonged to Bland.

Nevertheless, we believe the court's comments to the jury venire constituted an abuse of discretion depriving Bland of a fair trial. Under Fed.R.Ev. 403, the court must exclude any evidence having a prejudicial effect that substantially exceeds its probative value. *United States v. Bailleaux,* 685 F.2d 1105, 1111 (9th Cir.1982). The evidence of the warrant had probative value insofar as it tended to rebut Bland's theory of defense. For this purpose, it was enough that the jury was informed that the warrant justified shooting Bland. Beyond that, the effect of mentioning the specific facts underlying the warrant had no significant additional probative value and unfairly prejudiced Bland.

■ The error was not harmless. The nature of the facts mentioned make it clear that Bland could not thereafter enjoy a fair trial. We cannot expect jurors to remain impartial when information that should not have been mentioned permits them to believe that acquitting the defendant may mean releasing an exceedingly dangerous child molester and killer into the community. Because the facts mentioned are not of the type that would be forgotten by the members of the jury panel, we do not think it is of any consequence that mention of these facts was made at voir dire rather than at trial.

For the same reason, we reject the government's argument that the court's limiting instructions cured the undue prejudice. "Under [some] circumstances the trial court's curative instruction[s] to the jury [are] not sufficient to obviate the prejudice." *United States v. Gillespie,* 852 F.2d 475, 479 (9th Cir.1988). We hold that this is one of those cases where the prejudice could not be removed by curative instructions.

We reverse Bland's conviction and remand for a new trial.

### II. Evidence of the Confession

■ On retrial, the district court should exclude from the evidence Bland's confession to parole officer Blum. Blum's *Miranda* warning informed Bland he had a right to an attorney prior to questioning,

and if he could not afford one, that an attorney would be appointed for him. The warning, however, failed to mention that Bland was entitled to have an attorney during questioning.

Although no "talismanic incantation" of the warning is necessary to satisfy *Miranda, California v. Prysock*, 453 U.S. 355, 359, 101 S.Ct. 2806, 2809, 69 L.Ed.2d 696 (1981), we have recognized the "critical importance of the right to know that counsel may be present *during* questioning." *United States v. Noti*, 731 F.2d 610, 614 (9th Cir.1984). In *Noti*, we took the view that "[t]here are substantial practical reasons for requiring that defendants be advised of their right to counsel during as well as before questioning." *Id.* at 615. We will not retreat from *Noti* here.[1] The warning given to Bland was inadequate.

Because we conclude that the warning was inadequate, we do not reach the issue of whether Bland waived his *Miranda* rights. *See United States v. Connell*, 869 F.2d 1349, 1350 n. 1 (9th Cir.1989) ("Because we reverse on the ground that the warnings given [the defendant] were inadequate, we do not reach the issue of waiver.").

REVERSED AND REMANDED FOR A NEW TRIAL.

1. We likewise reject the government's suggestion that because Bland had prior experience with the criminal system, he knew of his rights and did not have to be given a complete warning. "The Fifth Amendment privilege is so fundamental to our system ... and the expedient of giving an adequate warning ... so simple, [that] we will not pause to inquire in individual cases whether the defendant was aware of his rights without a warning being given." *Miranda*, 384 U.S. at 468, 86 S.Ct. at 1624.