953 F.2d 1388
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Rickey BUNTON, Defendant-Appellant.
 No. 90-10505.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 6, 1991.*
Decided Jan. 23, 1992.
 
 Before KILKENNY, SNEED and FERGUSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Bunton appeals from his conviction for attempted possession of cocaine with intent to distribute, arguing that the district court erred by making an allegedly prejudicial comment during trial and by refusing to give the jury a supplemental instruction on entrapment. We reject these contentions and affirm.
 
 
 3
 With respect to Bunton's first argument, it is clear from the context that the trial judge's comment ("Look at what has been coming to this court all day long.... From both sides") indicated nothing more than the court's mild exasperation with both attorneys' aggressive trial tactics. The comment made no reference to any witness' testimony, nor was it directed against Bunton. Moreover, the trial judge admonished the jury at the outset not to take any such comments as indicating a particular view on his part of the evidence, and his offers of post-comment curative instructions were declined by Bunton. Under these facts, we find no abuse of discretion on the part of the trial court, see United States v. Laurins, 857 F.2d 529, 537 (9th Cir.1988), cert. denied, 492 U.S. 906 (1989), nor any unfair prejudice to Bunton. Cf. United States v. Bland, 908 F.2d 471, 473 (9th Cir.1990).
 
 
 4
 Bunton's entrapment instruction argument is equally meritless.[1] To prove entrapment, a defendant must show that he was not predisposed to commit the crime charged. United States v. Smith, 924 F.2d 889, 898 (9th Cir.1991). The defendant's reluctance to commit the crime charged is the most important of several factors to be weighed in determining predisposition. Id. Because prior drug use reflects directly on a defendant's purported reluctance to engage in such behavior in the future, it has been considered by this court in evaluating a defendant's predisposition to commit a drug offense. See id. In light of these considerations, we conclude that the entrapment instructions, viewed as a whole, fairly and adequately covered Bunton's defense theory. See United States v. Mason, 902 F.2d 1434, 1438 (9th Cir.1990).
 
 
 5
 AFFIRMED.
 
 
 
 *
 The members of the panel unanimously agree that this case is appropriate for submission without oral argument pursuant to Fed.R.App.P. 34(a) and 9th Cir.R. 34-4
 
 
 **
 This disposition is not suitable for publication and may not be cited to or by the courts of this Circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Because of our ruling on this point, we need not and do not reach the merits of the parties' arguments concerning the allegedly untimely nature of Bunton's objection