980 F.2d 739
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Keith David KUEHL, Defendant-Appellant.
 No. 91-50452.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 8, 1992.*
Decided Nov. 27, 1992.
 
 Before JAMES R. BROWNING, DAVID R. THOMPSON and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Defendant Keith Kuehl appeals his conviction for manufacturing counterfeit currency, in violation of 18 U.S.C. § 471, dealing in counterfeit currency, in violation of 18 U.S.C. § 473, and conspiracy, in violation of 18 U.S.C. § 371. At issue is the motion to suppress real evidence and admissions. We affirm.
 
 
 3
 Kuehl argues that the district court erred in admitting evidence obtained during a warrantless search of his trailer because his brother Albert lacked authority to consent to the search. We have not decided whether the existence of authority of consent is reviewed de novo or for clear error. United States v. Kelley, 953 F.2d 562, 566 (9th Cir.1992). We need not resolve this issue here, as the conclusion is the same under either standard.
 
 
 4
 Kuehl argues first that Albert lacked actual authority to consent to the search. Because we find that the search was valid pursuant to Albert's apparent authority to consent, we do not reach that issue.
 
 
 5
 Even if Kuehl's brother did not have actual authority to consent to a search of the trailer, a warrantless search would be proper if the officers relied in good faith on what reasonably, if mistakenly, appeared to be the brother's authority to consent. United States v. Yarbrough, 852 F.2d 1522, 1534 (9th Cir.1988); Illinois v. Rodriguez, 110 S.Ct. 2793, 111 L.Ed.2d 148 (1990). In Rodriguez, the Court explained that:
 
 
 6
 what we hold today does not suggest that law enforcement officers may always accept a person's invitation to enter premises. Even when the invitation is accompanied by an explicit assertion that the person lives there, the surrounding circumstances could conceivably be such that a reasonable person would doubt its truth and not act upon it without further inquiry. [The] determination of consent to enter must be 'judged against an objective standard: would the facts available to the officer at the moment ... warrant a man of reasonable caution in the belief' " that the consenting party had authority over the premises?
 
 
 7
 Id. at 2801, 111 L.Ed.2d at 161.
 
 
 8
 Kuehl's brother Albert told the agents that he owned the two trailers on the property. There was nothing to indicate to the agents that anyone other than Albert controlled either the property or the trailer. An informant and police surveillance corroborated Albert's statement to Agent Bazarko that he owned the Riverside Property on which the trailer was located. There were no markings on the trailer to show that it belonged to anyone other than the owner of the property on which it rested, and there was only one mailbox on the property bearing no name or the name "Kuehl"--a name common to Albert and Keith. In these circumstances, even if our review is de novo, we agree with the district court ruling that the facts available to the officer would warrant a person of reasonable caution in the belief that Kuehl's brother Albert had authority over the premises.
 
 
 9
 Kuehl also contends that his admissions should have been suppressed, because the officers interrogated him after he had invoked his right to counsel. We review the voluntariness of an asserted Miranda waiver de novo. Collazo v. Estelle, 940 F.2d 411, 415 (9th Cir.1991) (en banc), cert. denied, 112 S.Ct. 870 (1992). The question of whether the defendant's "mind was overborne--i.e., was his waiver knowing and intelligent," is reviewed for clear error. Id. at 416. We review the factual findings underlying the district court's decision, such as what the defendant was told, for clear error. United States v. Bland, 908 F.2d 471, 472 (9th Cir.1990).
 
 
 10
 Kuehl was advised of his Miranda rights when he was arrested and again on the way to the Secret Service office. When they arrived at the office, Agent Bazarko took Kuehl to an interview room and again advised him of his Miranda rights. He told Kuehl about the investigation and said he would like to interview him. Kuehl stated that he did not want to say anything until he had an attorney present. Kuehl provided Agent Bazarko with the name of the attorney he planned to retain. Agent Bazarko obtained and verified the attorney's phone number, and left Kuehl in his office to use the phone. Kuehl remained on the phone for a few minutes, then told Agent Bazarko that he could not reach the attorney but had left a message for the attorney to call him back. Bazarko then returned Kuehl to the interview room.
 
 
 11
 After approximately one hour, Agent Bazarko reentered the interview room and told Kuehl that they "had to get him processed; that we couldn't wait all day for the attorney to call, and then we would have to book him in the Eva County Jail because we have to have him there by a certain time." At this point, Kuehl asked "[w]hat happens if I tell you the rest of it because you know most of it now anyway?" Agent Bazarko told him that his cooperation would be made known to the U.S. Attorney's Office. Bazarko asked Kuehl what he wanted to do, and Kuehl said, "[w]ell, I'll tell you." Bazarko had another agent "warm-up" his computer and took Kuehl to the office in which the computer was located. Kuehl reviewed his Miranda rights on the computer screen, and was then interviewed by the agents. Kuehl confessed to manufacturing the counterfeit currency.
 
 
 12
 The district court determined that Kuehl was fully advised of his rights, the interrogation stopped when he asked for a lawyer, and the agent's advice that they had waited for an hour and had to proceed to the jail was, in the circumstances, a courtesy to explain what was going on, not an attempt to resume interrogation and not coercive. Kuehl does not demonstrate clear error in these factual findings.
 
 
 13
 The case is controlled by Shedelbower v. Estelle, 885 F.2d 570 (9th Cir.1989). Although the police spoke first, their remarks were not an "invitation to further discuss the matter." Id. at 573. Kuehl "initiated the continued discussion" of his crime, id., after the agents as a courtesy explained that they could not wait any longer for Kuehl's lawyer to return his call and had to take Kuehl to jail.
 
 
 14
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App. P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3