996 F.2d 1228
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellant,
v.
Troy Darnell ELLISON, Defendant-Appellee.
 No. 92-50203.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Aug. 18, 1992.
Submission Withdrawn Sept. 24, 1992.
Resubmitted June 21, 1993.
Decided July 1, 1993.
 
 1
 Before: NORRIS, REINHARDT, and TROTT, Circuit Judges
 
 
 2
 MEMORANDUM*
 
 
 3
 The government appeals the district court's order suppressing incriminating statements made by defendant during interrogation following his illegal arrest. We affirm.
 
 
 4
 * It is undisputed that Ellison was arrested illegally. In the approximately eight hours following his arrest, Ellison was interrogated on three separate occasions by law enforcement officials. The first interrogation occurred at 2:50 p.m., about two hours after the arrest; the second at approximately 4:00 p.m.; and the third at 8:20 p.m. The incriminating statements that Ellison seeks to suppress occurred during the second and third interrogations. We address these interrogations separately.
 
 A. The 4:00 p.m. Interrogation
 
 5
 Ellison argues that the statements he made during the 4:00 p.m. interrogation must be suppressed on either of two grounds: (1) because the statements are "fruits" of the illegal arrest; and (2) because he was not read his Miranda rights. We need not address whether the 4:00 p.m. statements were tainted by the illegal arrest, because we hold that Ellison was not properly advised of his Miranda rights.
 
 
 6
 The district court found that the 4:00 p.m. questioning was a custodial interrogation initiated by the police. See District Court's Findings of Fact at 9-13. This finding was not clearly erroneous. The government does not contend that defendant was read his Miranda rights immediately prior to the 4:00 p.m. interrogation. Rather, it argues that defendant had already waived his Miranda rights at the 2:50 p.m. interrogation, and contends that this waiver was sufficient to cover the 4:00 p.m. interrogation as well. We disagree.
 
 
 7
 Although the defendant was advised of certain rights prior to the 2:50 p.m. interrogation, the district court found that the officer's recitation of the Miranda rights was deficient in two significant respects. The court found that the officer failed to inform Ellison: (1) that he had a right to a court-appointed attorney if he could not afford one: and (2) that he had a right to have an attorney present during questioning. See District Court's Findings of Fact on Remand at 5. The omission of these two essential rights rendered the warnings invalid. See United States v. Connell, 869 F.2d 1349, 1353 (9th Cir.1989) (holding that Miranda warnings were defective when they suggested that attorney "might" be appointed if defendant was too poor to afford one); United States v. Bland, 908 F.2d 471, 474 (9th Cir.1992) (holding that Miranda warnings were defective when they failed to advise defendant of his right to have an attorney present during questioning).
 
 
 8
 Because Ellison was not properly informed of his Miranda rights prior to the 2:50 p.m. interrogation, any waiver he executed was necessarily invalid. And, thus, since Ellison never waived his Miranda rights prior to the 4:00 p.m. interrogation, any statements he made during this interrogation must be suppressed.
 
 B. The 8:20 p.m. Interrogation
 
 9
 Ellison next argues that the statements he made during the 8:20 p.m. interrogation must be suppressed as the fruits of his illegal arrest. We need not address this argument, because the record reveals an even stronger basis for suppression: the statements are inadmissible because Ellison did not validly waive his Miranda rights prior to the 8:20 p.m. interrogation.[1]
 
 
 10
 It is undisputed that the 8:20 p.m. questioning constituted a custodial interrogation, thus triggering the Miranda requirements. We review the voluntariness of a defendant's waiver of Miranda rights de novo. Terrovona v. Kincheloe, 852 F.2d 424, 427 (9th Cir.1988). The government bears the burden of showing a free and voluntary waiver of Miranda rights. Miranda v. Arizona, 384 U.S. 436, 475 (1966). A defendant's waiver of Miranda rights "must have been voluntary in the sense that it was the product of a free and deliberate choice rather than intimidation, coercion or deception." Moran v. Burbine, 475 U.S. 412, 421 (1986).
 
 
 11
 Although Ellison signed a form waiving his Miranda rights, the district court found that this waiver was not given voluntarily. The court found (1) that the police officers had exploited Ellison's concern about his girlfriend to get him to talk at the 4:00 p.m. interrogation, see District Court's Findings of Fact at 13-15; and (2) that this atmosphere of government coercion persisted through the 8:20 p.m. interrogation. Id. at 7-9.
 
 
 12
 Because the court found that the government used unduly coercive tactics to induce Ellison to sign the Miranda waiver form, and because this finding is not clearly erroneous, we hold that Ellison's waiver was not voluntary. Accordingly, we hold that the district court did not err in suppressing the statements made during the 8:20 p.m. interrogation.
 
 
 13
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 We may uphold the district court's order on any rationale fairly supported by the record. Bruce v. United States, 759 F.2d 755, 758 (9th Cir.1985)