19 F.3d 31
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Cecil LaCROIX, Defendant-Appellant.
 No. 93-30266.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 22, 1993.*
Decided Feb. 25, 1994.
 
 Before: SCHROEDER, CANBY and WIGGINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Cecil LaCroix appeals the district court's affirmance of his conviction following jury trial before a magistrate for driving while intoxicated in violation of the Assimilative Crimes Act, 18 U.S.C. Secs. 7, 13, and Wash.Rev.Code Secs. 46.61.502, 515. LaCroix contends the district court erred by affirming the magistrate judge's denial of his motion to suppress incriminating statements made while he was in custody. LaCroix argues that the arresting military police officer did not adequately inform him of his right to counsel as required by Miranda v. Arizona, 384 U.S. 436 (1966). We have jurisdiction under 28 U.S.C. Sec. 1291 and affirm.[1]
 
 
 3
 We review de novo whether adequate Miranda warnings were given. Commonwealth of Northern Mariana Islands v. Mendiola, 976 F.2d 475, 482 (9th Cir.1992). Factual findings underlying that determination are reviewed for clear error. United States v. Bland, 908 F.2d 471, 472 (9th Cir.1990).
 
 
 4
 "Although no talismanic incantation of the warning is necessary to satisfy Miranda, we have recognized the 'critical importance of the right to know that counsel may be present during questioning.' " Bland, 908 F.2d at 474 (quotation marks and citation omitted) (quoting United States v. Noti, 731 F.2d 610, 614 (9th Cir.1984)); accord United States v. Miguel, 952 F.2d 285, 288 (9th Cir.1991). Reviewing courts assume that a defendant makes the logical inference that appointed counsel is available during questioning when the defendant is separately advised of the right to counsel before and during questioning and of the right to appointed counsel. United States v. Connell, 869 F.2d 1349, 1351-52 (9th Cir.1989). Warnings which are equivocal and open to misinterpretation, however, are not adequate. Mendiola, 976 F.2d at 482-83. "Reference to the ability to procure appointed counsel at some unspecified future time, ... negates the inference that the suspect had an immediate right to appointed counsel 'before she said a word.' " Connell, 869 F.2d at 1352 (quoting California v. Prysock, 453 U.S. 355, 360 (1981) (per curiam)).
 
 
 5
 Here, LaCroix was arrested at the main exit from McChord Air Force Base when military Security Police officers detained him for a field sobriety test. He was detained for several hours at Security Police headquarters, where he was also questioned. Prior to questioning, he was given his Miranda warnings via a written form which provided:
 
 
 6
 a. I have the right to remain silent--that is to say nothing at all.
 
 
 7
 b. Any statement I make, oral or written, may be used as evidence against me in a trial or in other judicial, non-judicial, or administrative proceedings.
 
 
 8
 c. I have the right to consult with a lawyer.
 
 
 9
 d. I have the right to have a lawyer present during this interview.
 
 
 10
 e. I may obtain a civilian lawyer of my own choice at no expense to the government.
 
 
 11
 f. I may request a lawyer at any time during this interview.
 
 
 12
 g. If I decide to answer questions with or without a lawyer present, I may stop the questioning at any time.
 
 
 13
 h. MILITARY ONLY: If I want a military lawyer, one will be appointed for me free of charge.
 
 
 14
 i. CIVILIANS ONLY: If I cannot afford a lawyer and want one, a lawyer will be appointed for me by civilian authorities.
 
 
 15
 LaCroix initialed next to each statement and signed the bottom of the form, acknowledging that he understood these rights. Because he is a civilian, statement "h." was crossed out. Also on this form, LaCroix placed his initials next to a waiver of these enumerated rights. This waiver provided: "I do not want a lawyer. I am willing to answer questions or make a statement or both, about the offense(s) under investigation."
 
 
 16
 Under questioning, LaCroix made statements admitting that he had been drinking, that the alcohol he had consumed had affected him, and that he was under the influence of alcohol at the time he was making the statement.
 
 
 17
 LaCroix argues on appeal that when read together, statements "d.," "e.," and "i." are "confusing, ambiguous and ultimately misleading as to the accused's right to consult with counsel before and during questioning." We disagree.
 
 
 18
 While the advisement provided him by the military security police was not a model of clarity, it nonetheless informed LaCroix of his rights under Miranda. When read together, statements "d.," "e.," and "i." informed LaCroix that he had the right to counsel during questioning and that he could either retain a civilian lawyer at his own expense or, if he could not afford his own lawyer, one would be appointed for him by civilian authorities. Accordingly, the magistrate judge did not err by denying LaCroix's motion to suppress and the district court did not err by affirming that denial. See Miguel, 952 F.2d at 288.
 
 
 19
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Although the notice of appeal was filed one day late in this case, the district court's finding of excusable neglect and order extending the time for filing the notice of appeal makes the instant appeal timely under Fed.R.App.P. 4(b). See United States v. Mortensen, 860 F.2d 948, 950 (9th Cir.1988), cert. denied, 490 U.S. 1036 (1989)