106 F.3d 410
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Luis Enrique PALACIO-SANCHEZ, Defendant-Appellant.
 No. 95-30273.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Sept. 20, 1996.
Decided Jan. 10, 1997.
 
 1
 Before: SCHROEDER and KLEINFELD, Circuit Judges, and BREWSTER, District Judge.*
 
 
 2
 MEMORANDUM**
 
 I. Background
 
 3
 Appellant appeals his conviction after a plea of guilty pursuant to a plea agreement which preserved appellant's right to appeal the District Court's denial of a motion to suppress evidence.
 
 
 4
 Palacio-Sanchez was arrested on January 19, 1995 in Anchorage International Airport for attempting to enter the United States illegally. A subsequent search of the suitcase he had checked on the flight from Los Angeles/Seattle to Anchorage turned up two kilograms of cocaine. Palacio-Sanchez was indicted on January 24, 1995 on one count of possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1). Palacio-Sanchez moved to suppress his statements and the evidence seized at the time of arrest. A Magistrate Judge recommended that the district court (1) grant the motion to suppress with respect to statements made by Palacio-Sanchez before he had been advised of his Miranda rights by agent Kerr, (2) deny the motion to suppress statements made after the Miranda advisement, and (3) deny the motion to suppress evidence obtained from the search of the luggage. The district court adopted the Magistrate's report and recommendation in full.
 
 
 5
 Palacio-Sanchez then plead guilty to one count of Interstate Travel in Aid of Racketeering, in violation of 18 U.S.C. § 1952(a)(3). The plea agreement permitted Palacio-Sanchez to appeal the district court's denial of the motion to suppress.
 
 II. Discussion
 
 6
 In this appeal, Palacio-Sanchez contends the district court erred in finding that: (1) the initial encounter between Kerr and Palacio-Sanchez was not a seizure under the Fourth Amendment; (2) Kerr had reasonable suspicion to detain Palacio-Sanchez for questioning; (3) Palacio-Sanchez's suitcase was not discovered as a result of pre-Miranda interrogation; (4) Palacio-Sanchez was properly advised with respect to his right to counsel; (5) Palacio-Sanchez voluntarily consented to the search of the suitcase; and (6) Palacio-Sanchez's consent preceded the actual search of the suitcase.
 
 
 7
 This court reviews the district court's denial of a motion to suppress de novo. U.S. v. Manning, 56 F.3d 1188, 1196 (9th Cir.1995). Factual findings made by the district court are reviewed under a clearly erroneous standard. U.S. v. Bland, 908 F.2d 471, 472 (9th Cir.1990). Voluntariness of a waiver of Miranda rights is reviewed de novo. U.S. v. Huynh, 60 F.3d 1386, 1387-88 (9th Cir.1995).
 
 We affirm for the following reasons:
 
 8
 1. Palacio-Sanchez's initial encounter with Kerr in the middle of the airport corridor did not constitute a seizure in violation of his Fourth Amendment rights. The essential inquiry in determining whether the actions of government agents constitute a seizure is whether, "in view of all the circumstances surrounding the incident, a reasonable person would have believed that he was not free to leave." U.S. v. Mendenhall, 446 U.S. 544, 554 (1980). In Florida v. Royer, 460 U.S. 491 (1982), the United States Supreme Court found that an airline passenger had not been seized, within the meaning of the Fourth Amendment, when he was approached at a boarding area by two police detectives who asked if they could speak with him, and asked to see his airline ticket and identification. Id. at 501.
 
 
 9
 In this case, Kerr intercepted Palacio-Sanchez in a public space: in the middle of an airport corridor that was filled with other disembarking passengers. Kerr approached Palacio-Sanchez alone and asked Palacio-Sanchez a single question about the origin of his flight. Palacio-Sanchez replied to the question without hesitation. Although Kerr did not tell Palacio-Sanchez he was free to leave, there is no indication that agent Kerr spoke to Palacio-Sanchez in an authoritative or threatening manner, nor any indication that Palacio-Sanchez did not feel free to leave; on the contrary, Palacio-Sanchez appeared "quite cooperative." Kerr showed Palacio-Sanchez his INS credentials, but did not otherwise touch or restrain Palacio-Sanchez, or brandish a weapon. Under such circumstances, the encounter was consensual, and the district court correctly held that Palacio-Sanchez was not seized within the meaning of the Fourth Amendment.
 
 
 10
 2. Kerr had reasonable suspicion to detain Palacio-Sanchez and question him about his citizenship. To justify the seizure of a person to investigate whether that person is an illegal alien, a government agent must have been aware of "specific articulable facts, together with rational inferences from those facts, that reasonably warrant suspicion that [the person seized is an] ... alien[ ] who may be illegally in the country." U.S. v. Brignoni-Ponce, 422 U.S. 873, 884 (1974); Benitez-Mendez v. INS, 760 F.2d 907, 909 (9th Cir.1983), as amended (1985).
 
 
 11
 Kerr testified that he asked Palacio-Sanchez to step to the side of the corridor and inquired into Palacio-Sanchez's citizenship status, based on the following factors: (1) Palacio-Sanchez's concerned and focused look, and the stress and anxiety displayed on his face; (2) the fact that he was "striding very rapidly," and moving "much faster than the rest of the passengers" coming down the corridor; (3) his dress, which suggested he might be a factory worker; (4) his Hispanic appearance; and (5) the fact that he spoke Spanish. In addition, although Kerr did not actually see Palacio-Sanchez pass by agent Rosenberg, Kerr presumed that Palacio-Sanchez's stressed appearance and rapid gait were a response to Palacio-Sanchez's seeing a uniformed immigration officer at the gate. Viewed collectively, these facts are sufficient to establish the reasonable suspicion necessary to justify Palacio-Sanchez's detention.
 
 
 12
 3. The suitcase does not constitute the fruit of statements made by Palacio-Sanchez before he was advised of his Miranda rights. Prior to being arrested, Palacio-Sanchez told Kerr that his green card was in his luggage. Further, Kerr discovered the baggage claim tag (which could have been used to identify the luggage) attached to the airline ticket, which was discovered incident to a lawful arrest. Thus, there existed grounds for Kerr's knowledge of the suitcase independent of Palacio-Sanchez's post-arrest statements, and the district court properly declined to suppress the suitcase.
 
 
 13
 4. The post-Miranda questioning by Kerr was not undertaken after Palacio-Sanchez had invoked his right to counsel. In determining whether a defendant has invoked his right to counsel, this court reviews his words "as ordinary people would understand them." U.S. v. Ogbuehi, 18 F.3d 807, 813 (9th Cir.1994). "If the defendant's request clearly expresses his desire to deal with the [government] only through counsel, then any interrogation must cease." Id. (internal quotations omitted).
 
 
 14
 The record in this case reveals that Palacio-Sanchez failed to make even an equivocal request for a lawyer. Kerr testified that after reading the Miranda advisement to Palacio-Sanchez, Palacio-Sanchez told him that he understood his rights. Then he asked Kerr: "do you believe that I need[ ] an attorney?" In so asking, Palacio-Sanchez did not request an attorney; he merely asked for Kerr's "opinion" about whether he should obtain an attorney. See, e.g., Ogbuehi, 18 F.3d at 813-14. Kerr declined to give Palacio-Sanchez advice about whether to obtain an attorney. He told Palacio-Sanchez that he did not have to decide immediately because he would not be subject to further questioning until later. This was not an inappropriate response to a request for advice. The district court correctly concluded that the government agents properly advised Palacio-Sanchez about his right to counsel.
 
 
 15
 5. Palacio-Sanchez's consent to the search of his suitcase was voluntary. Several factors must be considered in determining whether consent is voluntary: (1) whether defendant was in custody; (2) whether the arresting officers had their guns drawn; (3) whether Miranda warnings had been given; (4) whether the defendant was told he has a right not to consent; and (5) whether defendant was told a search warrant could be obtained. U.S. v. Castillo, 866 F.2d 1071, 1082 (9th Cir.1988).
 
 
 
 *
 The Honorable Rudi M. Brewster, United States District Judge for the Southern District of California, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3