131 F.3d 150
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Lin Chen YU-LAN, aka Jackie Lin, aka Mary Chin, aka Mary
Chen, and Somkit Lim, aka Somkit Sae Lim, aka Som
Lim, aka Joe Lim, Defendants-Appellants.
 Nos. 96-10479, 96-10480.
 United States Court of Appeals, Ninth Circuit.
 Submitted November 5, 1997.**
Nov. 21, 1997.
 
 Appeal from the United States District Court for the District of Guam, D.C. No. CR-96-00019-JSU; John S. Unpingco, District Judge, Presiding.
 Before: REINHARDT, LEAVY, and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Appellants Lin Chen Yu-Lan ("Lin") and Somkit Sae Lim ("Lim") jointly appeal their convictions on the charge of aiding and abetting Xiaoli Chen ("Chen") in making a false statement to a government agency under 18 U.S.C. §§ 2 and 1001. Lin and Lim challenge their convictions on two grounds: 1) that the district judge's comments constituted judicial misconduct requiring a mistrial, and 2) that insufficient evidence was presented to support the convictions.
 
 A. Judicial Misconduct
 
 3
 A judge's conduct justifies a new trial "only if the record shows actual bias or leaves an abiding impression that the jury perceived an appearance of advocacy or partiality." U.S. v. Laurins, 857 F.2d 529, 537 (9th Cir.1988). Here, difficulties occurred during the trial due to the translation of Chen's testimony. On the seventh day of trial, Lim's attorney, David J. Lujan ("Lujan"), upon cross-examination of Chen, attempted to elicit testimony as to why she had not earlier disclosed a particular discussion with Lin. After the government objected to Lujan's question as repetitious, the district judge commented that Lujan was "flitting back and forth," and that his questioning was becoming circular and repetitive. The district judge asked Lujan to simplify his questions because of the problems the witness was having in attempting to understand Lujan's questions. The judge stated that they were not "coming through in the Chinese dialect":
 
 
 4
 [W]e're going to keep circling around here and over and over. You've got to break down some of your questioning because you're dealing with a non-native, non-English speaking person, and you just can't cross-examine as you ordinarily would in English.
 
 
 5
 After further discussion, the district judge stated:
 
 
 6
 Let me put it to you this way, Mr. Lujan. You will make your questions simpler or I'm going to terminate your cross-examination.
 
 
 7
 ....
 
 
 8
 Well, you know, you're flitting around to and from every which direction. She can't--she's having a hard time figuring out the context of your question. Your question may seem clear to you, because you know where you're headed, and I know where you're headed, but I have also the benefit of preparing for the case. She doesn't quite know where you're headed and that's the important one, she's the witness, not you or I. And, so, break down your questions. If not, put them in some kind of a context that she can relate, so she can follow where you're heading.
 
 
 9
 Lujan resumed cross-examination, and after an objection from the Government, the district judge started to admonish Lujan again. Lujan asked that the discussion be moved outside of the jurors' presence. The district Judge did not do so, but continued to advise Lujan to provide more context in his cross-examination because "[Lujan's] technique [was] not working."
 
 
 10
 Lujan again asked that the discussion be moved out of the hearing of the jurors, but the district judge again ignored the request and continued:
 
 
 11
 I need to make you understand something here, too. I've been patiently sitting here with this line of questioning. This thing has got to stop at some point in time, you know. I'm telling you this for the last time, make your questions simpler. Give her something to identify with, okay? Otherwise we're going--it's over. Okay, now, ask your next question.
 
 
 12
 Lujan once more asked if further conversation could be held outside of the jury's presence. Lin's attorney, Jose I. Leon Guerrero ("Guerrero") then asked for a bathroom break, which the district judge refused until Guerrero insisted that the break was necessary due to his diabetic condition.
 
 
 13
 Lujan moved for a mistrial based upon remarks made by the district judge in front of the jury. Guerrero joined in the motion because the remarks to Lujan "spilled over" to jury perception of Lin since she was Lim's wife. The district judge denied the motion.
 
 
 14
 The district judge's criticisms of Lujan do not rise to the level of judicial misconduct requiring reversal. As the appellants point out, numerous difficulties occurred throughout the trial involving translations, both during direct and cross-examination. In the extended colloquy between the district judge and Lujan, the judge commented that the non-English speaking witness was getting confused; that Lujan's questions weren't "translating into the Chinese context"; and that Lujan needed to simplify his questions or provide more context. The district judge's remarks, which were intended to help resolve communication problems, did not exceed permissible bounds, see United States v. Eldred, 588 F.2d 746, 750 (9th Cir.1978), and in the context of a twelve-day trial, did not give an abiding impression of advocacy or partiality.[1] Furthermore, to the extent that there was any such appearance, the impression was cured by the instructions that were given immediately following the bathroom break:
 
 
 15
 Now prior to the break there was a discussion regarding the questioning of the witness. Now I caution you that such a discussion is not evidence; you should not be influenced by that discussion. You must not read into what the Court has said during that discussion any suggestion as to what the verdict should be or what the Court thinks of the evidence.
 
 
 16
 See Maiden v. Bunnell, 35 F.3d 477, 483 (9th Cir.1994); United States v. Sanchez-Lopez, 879 F.2d 541, 551 (9th Cir.1989).
 
 
 17
 Appellants also appear to contend that the district judge unfairly limited Lujan's cross examination of Chen. We disagree. A trial court has discretion to limit examination as long as "the jury receives sufficient information to appraise the biases and motivations of the witness." United States v. Guthrie, 931 F.2d 564, 568 (9th Cir.1991) (internal quotations omitted). Appellants do not identify any particular information or line of questioning they were not allowed to cover upon cross-examination. After the colloquy at issue, Lujan continued cross-examination virtually uninterrupted by the district judge. Guerrero then cross-examined Chen, and Lujan was allowed recross. The cross-examination sufficiently exposed Chen's motivation to cooperate with the government and testify against the defendants.
 
 B. Insufficiency of Evidence
 
 18
 Viewing the testimony in the light most favorable to the government, a rational finder of fact could have found beyond a reasonable doubt that both Lin and Lim 1) knew that Chen's passport falsely stated that her birthplace was Taiwan, and thus had the requisite intent of the underlying offense; 2) assisted or participated in Chen's presentation of the false information; and 3) specifically intended to do so. Thus, a rational jury could have found both Lin and Lim to be guilty beyond a reasonable doubt, and the district court did not err in denying the motion for judgment of acquittal.
 
 
 19
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a); Circuit Rule 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Fatally prejudicial judicial bias or misconduct has involved situations far more extreme than the one at bar. See, e.g., United States v. Bland, 908 F.2d 471 (9th Cir.1990) (court suggested to veniremembers that defendant was exceedingly dangerous child molester and killer); U.S. v. Allsup, 566 F.2d 68 (9th Cir.1977) (judge gave jury impression that defendant had threatened witness)