**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Jeffrey D. SLOAN, Defendant—**
**Appellant.**

No. 08–10036.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 20, 2008.

Filed Jan. 8, 2009.

---

** This disposition is not appropriate for publication and is not precedent except as provid-

ed by 9th Cir. R. 36–3.

---

Gabriel Colwell, Esquire, Lawrence Tong, Assistant U.S., Keirsten H. Kennedy, USH, Office of the U.S. Attorney, Honolulu, HI, for Plaintiff–Appellee.

Michael J. Park, Esquire, Honolulu, HI, for Defendant–Appellant.

Before: SCHROEDER, PAEZ and N.R. SMITH, Circuit Judges.

## MEMORANDUM *

Following his conditional plea of guilty, Army Specialist Jeffrey Sloan appeals from the denial of his motion to suppress evidence obtained in connection with an investigation conducted at his barracks and at a nearby residence. The investigation, initiated by the Army Criminal Investigation Command ("CID") and Immigration and Customs Enforcement ("ICE"), resulted in Sloan's indictment and conviction for possession of child pornography in violation of 18 U.S.C. § 2252(a)(4). We affirm.

We review de novo the district court's denial of Sloan's motion to suppress evidence. *United States v. Fernandez–Castillo,* 324 F.3d 1114, 1117 (9th Cir.2003). The court's findings of fact are reviewed

for clear error, *id.,* and special deference is paid to the court's credibility findings. *See Anderson v. City of Bessemer,* 470 U.S. 564, 574–75, 105 S.Ct. 1504, 84 L.Ed.2d 518 (1985).

■ Sloan first argues that the government lacked probable cause to take him into custody. Whether probable cause exists is a mixed question of law and fact, which is reviewed *de novo. United States v. Carrillo,* 902 F.2d 1405, 1412 (9th Cir. 1990). "Probable cause to arrest exists when officers have knowledge or reasonably trustworthy information sufficient to lead a person of reasonable caution to believe that an offense has been or is being committed by the person being arrested." *Torres v. City of Los Angeles,* 548 F.3d 1197, 1206 (9th Cir.2008) (quotation marks and citations omitted). Here, where an administrative subpoena revealed that an IP address registered to Sloan was associated with files confirmed to contain child pornography, a prudent officer would have concluded that there was a fair probability that Sloan possessed those files in violation of 18 U.S.C. § 2252(a)(4). Thus, the district court correctly concluded that the officers had probable cause to place Sloan in custody.

■ Sloan next challenges the adequacy of the *Miranda* warnings administered to him once he was in custody. *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), affords all persons the right to be informed, prior to custodial interrogation, that they have the right to the presence of an attorney, and that if they cannot afford an attorney one will be appointed to represent them prior to any questioning if they so desire. *United States v. Connell,* 869 F.2d 1349, 1351 (9th Cir.1989); *see also United States v. Perez–Lopez,* 348 F.3d 839, 848–49 (9th Cir.2003);

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

*United States v. Miguel,* 952 F.2d 285, 288 (9th Cir.1991). Here, although Sloan was informed that he would be entitled to a *military* lawyer at no expense, not a civilian lawyer, the warnings made it clear that, before any questioning took place, he could obtain his own lawyer, or, if requested, one could be provided at no expense. The warnings adequately informed Sloan of the right to an attorney during questioning, contrary to the inadequate warnings in *United States v. Bland,* 908 F.2d 471, 473–74 (9th Cir.1990), and *United States v. Noti,* 731 F.2d 610, 614 (9th Cir.1984). Because Sloan was unambiguously informed of his right to an attorney at all relevant times and at no expense, the "warnings reasonably convey[ed] ... [Sloan's] rights" and were thus sufficient under *Miranda. See Duckworth v. Eagan,* 492 U.S. 195, 203, 109 S.Ct. 2875, 106 L.Ed.2d 166 (1989) (internal quotation marks omitted).

■ Sloan also challenges the district court's determination that he voluntarily consented to the search of his barracks, locker and vehicle. "Whether consent to search was voluntarily given is to be determined from the totality of all the circumstances." *United States v. Patayan Soriano,* 361 F.3d 494, 501 (9th Cir.2004) (internal quotation marks omitted). Although Sloan was in custody, Special Agent Wild testified that *Miranda* rights were given to Sloan, no officers had their guns drawn, Sloan was notified that he had the right not to consent, and Sloan was never told that a search warrant could be obtained. Sloan signed a consent form, further demonstrating that his consent was voluntary. *See United States v. Childs,* 944 F.2d 491, 496 (9th Cir.1991). Further, in light of the entire record, we accept the district court's determination that Special Agent Wild was a credible witness. In light of all the circumstances, we agree with the district court that Sloan's consent was obtained voluntarily.

■ We also conclude that Sloan voluntarily consented to the later search of the house in which he had been staying as a guest. Agent Wild testified that Sloan consented orally to this search, which occurred within a few hours of the search of Sloan's barracks. Again, Sloan had already been given *Miranda* warnings, no guns were drawn, Sloan had been notified earlier that he had the right not to consent, and Sloan was never told that a search warrant could be obtained. These circumstances amply support the district court's determination that Sloan's consent to search the house was voluntary.

■ Next, Sloan argues that his confessions were not voluntary. A confession can be involuntary if coerced either by physical intimidation or psychological pressure. *United States v. Haswood,* 350 F.3d 1024, 1027 (9th Cir.2003). Here, the mere presence of Sloan's commanding officer in the room when one of the confessions was made does not establish the kind of coercive environment required to render a confession involuntary. The district court expressly found that there was no intimidation, physical force, improper promises, threats, or any other similar tactics. Further, Sloan's commanding officer was not even present during the second interview in which Sloan confessed for the second time. We therefore conclude that the district court did not err in finding that Sloan's confessions were voluntary.

Given our analysis above, we need not address whether the officers' conduct constituted a freestanding due process violation. Absent evidence of coercion of any sort, this claim lacks merit.

**AFFIRMED.**