**Abraham PRECIADO, Petitioner–Appellant,**

v.

**James E. TILTON, Director, California Department of Corrections, Respondent–Appellee.**

No. 07–55735.

United States Court of Appeals, Ninth Circuit.

Submitted March 5, 2009.*

Filed March 9, 2009.

---

Robert J. Waters, Esq., Nasatir Hirsch Podberesky & Genego, Santa Monica, CA, for Petitioner–Appellant.

* The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

William M. Wood, Esq., AGCA–Office of the California Attorney General, San Diego, CA, for Respondent–Appellee.

Before O'SCANNLAIN, RYMER, and WARDLAW, Circuit Judges.

MEMORANDUM **

Abraham Preciado appeals the denial of his 28 U.S.C. § 2254 petition. We affirm.

I

■ Although the *Miranda* warning Preciado was given before his first interview was imperfect, the California Court of Appeal's determination that his waiver was nevertheless knowing and voluntary was not contrary to, or an unreasonable application of, clearly established federal law, nor an unreasonable determination in light of the evidence presented. 28 U.S.C. § 2254(d)(1), (2); *Lockyer v. Andrade,* 538 U.S. 63, 71–72, 123 S.Ct. 1166, 155 L.Ed.2d 144 (2003). Preciado was told he had a right to counsel *before* questioning. We have invalidated *Miranda* waivers that do not clearly advise of the right to counsel *during* questioning, *see, e.g., United States v. Bland,* 908 F.2d 471, 473–74 (9th Cir. 1990), but the Supreme Court has not. Rather, warnings need not be presented in any particular formulation to comport with the law articulated by the Supreme Court. *See, e.g., Duckworth v. Eagan,* 492 U.S. 195, 202–03, 109 S.Ct. 2875, 106 L.Ed.2d

166 (1989); *California v. Prysock,* 453 U.S. 355, 359–61, 101 S.Ct. 2806, 69 L.Ed.2d 696 (1981) (per curiam). Other circuits are split on the point,[1] which also indicates that the California court's rejection of Preciado's claim was not objectively unreasonable. *See Clark v. Murphy,* 331 F.3d 1062, 1071 (9th Cir.2003).

II

Likewise, the Supreme Court has never held that a suspect must be asked if he understands his rights and expressly waives them. Waiver depends upon the totality of the circumstances in the particular case. *See Moran v. Burbine,* 475 U.S. 412, 421–22, 106 S.Ct. 1135, 89 L.Ed.2d 410 (1986); *North Carolina v. Butler,* 441 U.S. 369, 372–76, 99 S.Ct. 1755, 60 L.Ed.2d 286 (1979). The videotape transcripts show that Preciado said during each interview that he was "[f]ine" with answering questions and indicated that he understood his rights by stating "[u]h huh." Thus, the California Court of Appeal's determination that Preciado understood and waived his *Miranda* rights was not objectively unreasonable.

III

■ Relatedly, Preciado contends that his confession was involuntary and so should not have been admitted. For essentially the same reasons relating to Preciado's waiver of his *Miranda* rights, the California court's determination that Preciado's confession was voluntary under the totality of the circumstances was neither contrary to, nor an unreasonable application of, clearly established federal law. *See Withrow v. Williams,* 507 U.S. 680,

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. *Compare United States v. Anthon,* 648 F.2d 669, 673 (10th Cir.1981); *Windsor v. United States,* 389 F.2d 530, 533–34 (5th Cir.1968), with *United States v. Frankson,* 83 F.3d 79, 81–82 (4th Cir.1996); *United States v. Caldwell,* 954 F.2d 496, 498, 501–02 (8th Cir. 1992); *United States v. Burns,* 684 F.2d 1066, 1074–75 (2d Cir.1982); *United States v. Adams,* 484 F.2d 357, 361–62 (7th Cir.1973).

693–94, 113 S.Ct. 1745, 123 L.Ed.2d 407 (1993); *Berkemer v. McCarty,* 468 U.S. 420, 433 n. 20, 104 S.Ct. 3138, 82 L.Ed.2d 317 (1984). Preciado declined an offer to remove his handcuffs, the interviews did not last long, background questions were limited, and there is no evidence that Preciado was not allowed to sleep or eat between interviews. *Compare, e.g., Haynes v. Washington,* 373 U.S. 503, 511–12, 83 S.Ct. 1336, 10 L.Ed.2d 513 (1963); *Blackburn v. Alabama,* 361 U.S. 199, 207–11, 80 S.Ct. 274, 4 L.Ed.2d 242 (1960). Preciado himself suggested that his wife scratched him, so the officer's subsequent comments about spousal abuse could not have been surprising or intimidating, let alone coercive. *See Colorado v. Connelly,* 479 U.S. 157, 166–67, 169–70, 107 S.Ct. 515, 93 L.Ed.2d 473 (1986). Nothing in the record suggests a "good cop/bad cop" scenario. Accordingly, the California court's determination that Preciado's confession was neither coerced, nor involuntary under the totality of the circumstances was not objectively unreasonable.

AFFIRMED.