**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 17-10076 |
| Plaintiff-Appellant, | D.C. No. 3:15-cr-00070-MMD-WGC-1 |
| v. | |
| JAYSON ALAN ROBBINS, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the District of Nevada
Miranda M. Du, District Judge, Presiding

Argued and Submitted April 10, 2018
San Francisco, California

Before: D.W. NELSON, W. FLETCHER, and FISHER, Circuit Judges.

The United States appeals an order of the district court granting Jayson

Robbins's motion to suppress statements made during a 2015 interview on the

ground that Robbins was custodially interrogated without sufficient *Miranda*

---

[*]       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

warnings. *See Miranda v. Arizona*, 384 U.S. 436 (1966). We have jurisdiction under 18 U.S.C. § 3731, and we affirm.

Statements are inadmissible under *Miranda* only if the defendant was in custody. *See Miranda*, 384 U.S. at 444. "To determine whether an individual was in custody, we must decide whether a reasonable person in the circumstances would have believed he could freely walk away from the interrogators." *United States v. Barnes*, 713 F.3d 1200, 1204 (9th Cir. 2013). Among the factors relevant to the custody analysis are "(1) the language used to summon the individual; (2) the extent to which the defendant is confronted with evidence of guilt; (3) the physical surroundings of the interrogation; (4) the duration of the detention; and (5) the degree of pressure applied to detain the individual." *United States v. Kim*, 292 F.3d 969, 974 (9th Cir. 2002). "[A] district court's 'in custody' determination is a 'mixed question of law and fact warranting de novo review.' " *United States v. Bassignani*, 575 F.3d 879, 883 (9th Cir. 2009) (quoting *Kim*, 292 F.3d at 973). Underlying factual findings are reviewed for clear error. *Id.*

Robbins was in custody at the time of the interview. The language used to summon Robbins weighs against custody. Robbins's physical surroundings favor custody, *see Bassignani*, 575 F.3d at 885, though we accord this factor slight weight; the room was small, the door was closed, Robbins was positioned arm's

length from an officer on either side, and Robbins was alone with the officers for the vast majority of the interview. *See Barnes*, 713 F.3d at 1204 (small room, closed door); *United States v. Beraun-Panez*, 812 F.2d 578, 580 (9th Cir. 1987) (isolated environment, officers on either side).

The remaining factors weigh in favor of custody. Officers repeatedly confronted Robbins with evidence of guilt and emphasized that they had recently executed a search warrant on his house. *See Barnes*, 713 F.3d at 1204. Under the circumstances, Robbins "could well have assumed . . . that [he] was a criminal suspect," *Kim* 292 F.3d at 977. The interview was long, lasting 90 minutes. *See United States v. IMM,* 747 F.3d 754, 768 (9th Cir. 2014) ("Although our precedents do not specify a precise amount of time at which a detention turns custodial, we have found an adult defendant to have been in custody when she was interrogated for 45 to 90 minutes."). The officers' statement near the beginning of the interview that Robbins was "not under arrest *right now*," unaccompanied by an assurance that Robbins was free to leave at any time, was insufficient to alleviate the pressure created by the officers' intense questioning over the course of a prolonged interview. *Barnes*, 713 F.3d at 1204-05 (noting that a combination of the other factors may create pressure to stay); *IMM*, 747 F.3d at 768 (same). Weighing

3

this combination of factors, we conclude that a reasonable person in Robbins's position would not have felt free to leave.

The officers' statement "You have a right to an attorney" was not sufficient to "reasonably convey to [Robbins] his rights as required by *Miranda*." *Duckworth v. Eagan*, 492 U.S. 195, 202 (1989). Our decisions in *United States v. Noti*, 731 F.2d 610, 614-15 (9th Cir. 1984), and *United States v. Bland*, 908 F.2d 471, 473–74 (9th Cir. 1990), require that officers convey that the suspect has a right to an attorney prior to and during questioning. While we recognize that other circuits have approved warnings similar to the one in this case, these out-of-circuit cases do not reflect the law in this circuit. *See Bridgers v. Dretke*, 431 F.3d 853, 859 (5th Cir. 2005) (recognizing a circuit split on this issue).

Because we affirm on these grounds, we not reach Robbins's alternative arguments that some comments that the officers made before delivering the warnings undermined the efficacy of the warnings, *see, e.g.*, *Doody v. Ryan*, 649 F.3d 986, 1002-03 (9th Cir. 2011), or that the officers employed a "deliberate two-step [interrogation] strategy," *Missouri v. Seibert*, 542 U.S. 600, 622 (2004) (Kennedy, J., concurring).

**AFFIRMED.**