NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

AUG 22 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff - Appellee, <br><br> v. <br><br> ENRIQUETA MARTINEZ, <br><br> Defendant - Appellant. | No. 23-4290 <br><br> D.C. No. <br> 3:22-cr-01753-GPC-1 <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Southern District of California
Gonzalo P. Curiel, District Judge, Presiding

Argued and Submitted August 13, 2025
Pasadena, California

Before: NGUYEN, FORREST, and VANDYKE, Circuit Judges.

Following a jury trial, Defendant-Appellant Enriqueta Martinez was

convicted of one count of unlawful importation of methamphetamine and one count

of unlawful importation of fentanyl. She was sentenced to 92 months imprisonment

followed by three years of supervised release. Martinez challenges the district

court's denial of her motion for a mistrial, alleging that she was prejudiced by the

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Government's references to a prior drug smuggling incident that the court ultimately found inadmissible. We affirm.

We review a district court's denial of a motion for a mistrial for abuse of discretion. *United States v. Charmley*, 764 F.2d 675, 677 (9th Cir. 1985). We must first "determine de novo whether the trial court identified the correct legal rule to apply to the relief requested." *United States v. Hinkson*, 585 F.3d 1247, 1262 (9th Cir. 2009) (en banc). Then we determine "whether the trial court's application of the correct legal standard was (1) 'illogical,' (2) 'implausible,' or (3) without 'support in inferences that may be drawn from the facts in the record.'" *Id.* (quoting *Anderson v. City of Bessemer*, 470 U.S. 564, 577 (1985)).

1. Martinez argues the district court failed to apply the correct legal standard because it improperly considered the prosecutor's motive as part of its rationale for denying the motion for a mistrial. But Martinez fails to cite any authority, nor are we aware of any, establishing that this is reversible error. The Supreme Court has held that a district court may declare a mistrial only when, "taking *all* the circumstances into consideration, there is a manifest necessity for doing so." *Renico v. Lett*, 559 U.S. 766, 773−74 (2010) (emphasis added) (citation modified). Thus, we conclude that the district court did not apply an incorrect legal standard.

2.   Martinez also argues that, even if the district court applied the correct legal standard, it abused its discretion in denying a mistrial because she was significantly prejudiced by the jury's exposure to the inadmissible evidence about a prior smuggling event. Again, we disagree. While Martinez's concern about her trial strategy choices that were based on the district court's pretrial ruling that the subject evidence could come in is understandable, we conclude that the district court reasonably held a mistrial was not warranted because the questioning on the inadmissible evidence was "limited" and the court "immediately admonished and instructed the jury" not to consider the evidence when the issue arose during trial and the court reconsidered its pretrial ruling. The district court did not abuse its "'broad discretion'" in concluding that the jury would follow the instructions given. *Id.* at 774 (citation omitted).

Additionally, the district court took proper remedial steps in instructing the jury not to consider the inadmissible evidence. *See Charmley*, 764 F.2d at 677 ("Where evidence heard by the jury is later ruled inadmissible, a cautionary instruction is ordinarily sufficient to cure any alleged prejudice to the defendant."). Martinez has not demonstrated that the evidence "was [] so extremely inflammatory and repetitive that it could not be cured by an admonition to the jury." *United States v. Aichele*, 941 F.2d 761, 765 (9th Cir. 1991); *cf. United States v. Bland*, 908 F.2d 471, 473 (9th Cir. 1990); *United States v. Gillespie*, 852 F.2d 475, 479 (9th Cir.

1988). And insofar as Martinez challenges the curative instructions themselves, the argument is waived because defense counsel drafted the instructions. *See United States v. Magdaleno*, 43 F.4th 1215, 1220 (9th Cir. 2022) (explaining the invited error doctrine).

Thus, the evidence presented, though prejudicial, was not so prejudicial as to render the curative instruction entirely ineffective. *See United States v. Lemus*, 847 F.3d 1016, 1024 (9th Cir. 2016).

As to the weight of the evidence presented at trial, this court has held that "[i]f the case against a defendant is very strong, though not overwhelming, and the reviewing court is unconvinced that the admission of the evidence influenced the outcome of the case, the court may uphold the verdict." *Aichele*, 941 F.2d at 765. The Government presented evidence that on the day of her arrest, Martinez was the sole occupant, driver, and registered owner of a vehicle carrying 57.6 kilograms of methamphetamine and 3.24 kilograms of fentanyl. *See United States v. Collins*, 764 F.2d 647, 652 (9th Cir. 1985) ("Mere possession of a substantial quantity of narcotics is sufficient evidence to support a finding that a defendant knowingly possessed the narcotics."). Thus, we conclude the Government presented a sufficiently strong case such that the prejudice alleged was insufficient to warrant the extraordinary remedy of a mistrial. *See Lemus*, 847 F.3d at 1024.

**AFFIRMED.**

23-4290