72 F.3d 136
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jose CORRAL, Defendant-Appellant.
 No. 94-50496.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Sept. 11, 1995.
Decided Dec. 13, 1995.
 
 Before: T.G. NELSON and KLEINFELD, Circuit Judges; LEGGE, District Judge*.
 MEMORANDUM**
 I.
 Appellant Jose Corral appeals from his conviction and sentence for importing cocaine and possessing cocaine with the intent to distribute it. Appellant challenges (1) the use of certain statements he made after allegedly invoking his right to counsel, (2) the sufficiency of his Miranda warnings, (3) the introduction of a photograph, and (4) the district court's not finding him to be a "minor" participant at sentencing. This court AFFIRMS appellant's conviction, VACATES the sentence, and REMANDS for resentencing for the district court to determine whether appellant qualifies for a downward adjustment of his offense level.
 II.
 Appellant entered the United States from Mexico. Customs Inspector Hood noticed that appellant appeared nervous, and asked him to exit his car. On examining the vehicle, Hood noticed that the gasoline tank was irregular. Hood was suspicious and escorted appellant to secondary inspection. On the way appellant said, "I know my rights."
 Further inspection of appellant's car revealed packages of cocaine in the gas tank. Approximately two hours after appellant was stopped, Special Agent Daniels read appellant his Miranda rights from a printed DEA card. Appellant agreed to speak with investigators. Among other statements, appellant claimed that he was a Tijuana taxi driver, and had been asked by "Mike" to drive the car across the border for $200.
 III.
 Appellant made a pre-trial motion to suppress his statements, claiming that they were involuntary because he had invoked his right to counsel when he said, "I know my rights." At the suppression hearing, appellant also argued that his Miranda warnings were inadequate, because they failed to tell appellant that he could stop talking at any time and that he could request an attorney during his interrogation. The trial court denied the motion.
 At trial, appellant objected to the government's introduction of a post-arrest photograph showing appellant sitting in the Customs holding cell. Appellant argued that the photo's minimal evidentiary value was outweighed by its prejudicial impact. The government argued that the photo was relevant to appellant's attire. The court admitted the photo.
 Following conviction by the jury, the probation department's presentence report computed appellant's offense level at thirty-four, making no adjustments for appellant's role in the offense. Appellant objected, claiming that he should be given a 4 point downward adjustment because of his "minimal" role. The government's sentencing memorandum also calculated an offense level of thirty-four, which included a 2 level increase for obstruction of justice and a 2 level decrease for appellant's "minor" role.
 
 
 1
 The district court sentenced appellant to 168 months, the low end of the level thirty-four guideline range. But the court made no specific finding on appellant's request for an adjustment for his allegedly "minimal" role.
 
 IV.
 
 2
 This court reviews for clear error a district court's factual findings concerning the words used by a defendant to invoke his right to counsel; whether those words invoke the right to counsel is reviewed de novo. United States v. Ogbuehi, 18 F.3d 807, 813 (9th Cir.1994).
 
 
 3
 A defendant has a right to terminate questioning by invoking his right to counsel; but the invocation, when viewed objectively, must be an unambiguous request for counsel. Davis v. United States, 114 S.Ct. 2350, 2355 (1994). "[Defendant] must articulate his desire to have counsel present sufficiently clearly that a reasonable police officer in the circumstances would understand the statement to be a request for an attorney." Id. See also Ogbuehi, 18 F.3d at 813 (interrogation must cease if defendant's words, as ordinary people would understand them, clearly indicate desire for counsel).
 
 
 4
 Here, appellant's statement that "I know my rights" did not objectively and unambiguously indicate that appellant wanted counsel present for any questioning. No evidence suggests that appellant had been questioned prior to making this statement, nor that anyone had attempted to read appellant his rights. Appellant spoke while being escorted from primary to secondary inspection, before any drugs had been discovered. In such circumstances, a reasonable officer could have interpreted appellant's statement many ways. See Ogbuehi, 18 F.3d at 813 (defendant's questions during his interrogation, "Do I need a lawyer?" or "Do you think I need a lawyer?" not unequivocal request for counsel).
 
 
 5
 Appellant's statement was not in response to any question or statement of rights about having counsel present. And his statement did not objectively indicate that he wanted counsel present.
 
 V.
 
 6
 This court reviews de novo the adequacy of Miranda warning. United States v. Lares-Valdez, 939 F.2d 688, 689 (9th Cir.1991; United States v. Bland, 908 F.2d 471, 472 (9th Cir.1990).
 
 
 7
 Agent Daniels read appellant his Miranda rights from the D.E.A. form. Appellant argues that he should also have been advised that he could request appointed counsel during questioning.[1]
 
 
 8
 This court has held that Miranda does not require that a suspect be informed of a right to stop questioning after it has begun. "The [Miranda ] Court thus contemplated the right to cease questioning and declined to include it among the warnings it deemed necessary to effect the accused's fifth and sixth amendment rights." Lares-Valdez, 939 F.2d at 690.
 
 
 9
 Appellant admits that he was advised of the right to have counsel present during questioning, and the right to have an attorney appointed. However, he argues that he should have been specifically advised of a right to an appointed attorney during questioning. Appellant cites California v. Prysock, 453 U.S. 355 (1981). In Prysock, the defendant made the same contention that appellant makes here. But the Court disagreed:
 
 
 10
 He was told of his right to have a lawyer present prior to and during interrogation, and his right to have a lawyer appointed at no cost if he could not afford one. These warnings conveyed to respondent his right to have a lawyer appointed if he could not afford one prior to and during interrogation.
 
 
 11
 Id. at 361.
 
 
 12
 Here, appellant was read a Miranda warning that conveyed the same rights that were found adequate in Prysock. Appellant was advised of his right to counsel during questioning. His Miranda warning was adequate, and his statements made during questioning was properly admitted by the district court.
 
 VI.
 
 13
 This court applies an abuse of discretion standard in reviewing the district court's decision to admit the photograph of appellant. United States v. Harrington, 923 F.2d 1371, 1374 (9th Cir.1991).
 
 
 14
 The district court allowed the photo of appellant into evidence over defendant's objections. The photo shows appellant sitting in the Customs cell after his arrest for this offense. The photo was relevant. The government argued that it contradicted appellant's claim that he had fumbled when retrieving his wallet from his back pocket at primary inspection because his pants were too tight. It was also relevant to whether appellant looked like a taxi driver, as he claimed he was.
 
 
 15
 Moreover, the jury knew through testimony that appellant had been stopped at primary inspection, held for a time, and then arrested. The photo only depicted what the jury already knew had happened. The photo did not create any suggestion that appellant had a criminal past, since the jury knew that the photo had been taken following his stop at the border. The photo did not suggest other criminal activity.
 
 
 16
 The district court did not abuse its discretion in admitting the photo.
 
 VII.
 
 17
 This court reviews de novo the district court's application of the sentencing guidelines. United States v. Fagan, 996 F.2d 1009, 1017 (9th Cir.1993).
 
 
 18
 The probation department recommended an offense level of thirty-four, which included neither enhancing nor decreasing factors. The probation department specifically recommended that appellant not receive a 4 level downward adjustment for his role in the offense. The government also recommended a level thirty-four, which included both a 2 level enhancement for obstruction and a 2 level decrease for appellant's "minor" role. Pursuant to Sec. 3B1.2 of the Sentencing Guidelines, appellant asked for either a 4 level "minimal participant" or 2 level "minor participant" downward adjustment for his role. (Appellee's Supplemental Excerpts of Record, pp. 1-26).
 
 
 19
 The court adopted the offense level as a thirty-four. But the court made no specific ruling on appellant's request for a downward adjustment. (Excerpts of Record, p. 136).
 
 
 20
 The government argues that the district court implicitly ruled on appellant's request by adopting the government's recommended base level, which included a 2 level decrease for "minor role." The government would be correct if the district court had specifically adopted either the probation department's or the government's position as to any downward adjustment. However, it made no ruling on the issue.
 
 
 21
 The district court sentenced appellant immediately following the government's oral argument, and found the same offense level as the government and the probation department had suggested. However, the record does not indicate whether the district court (a) followed the government's 2 level decrease and 2 level enhancement recommendation, (b) adopted the probation department's recommendation that appellant did not deserve a 4 level decrease, or (c) did not rule on those issues at all. It is not possible to conclude from the record that the district court considered and ruled upon appellant's motion that he was either a "minimal" or "minor" participant.
 
 
 22
 At the time of appellant's sentencing, Fed.R.Crim.P. 32(c)(3)(D) stated that "the court shall, as to each matter controverted, make (i) a finding as to the allegation, or (ii) a determination that no such finding is necessary because the controverted matter will not be taken into account at sentencing." See also United States v. Carlisle, 907 F.2d 94, 96 (9th Cir.1990), and United States v. Fernandez-Angulo, 897 F.2d 1514, 1516 (9th Cir.1990).
 
 
 23
 The conviction is AFFIRMED. The sentence if VACATED and the case is REMANDED to the district court for resentencing after ruling on appellate's motion for a downward adjustment for his role in the offense.
 
 
 
 *
 Hon. Charles A. Legge, United States District Judge for the Northern District of California, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 During the suppression hearing, appellant argued that he should have been advised of the right to "be given an attorney during the interrogation itself and assert that right during the interrogation." (Appellant's Excerpt of Record, 59:16-22). This appears to be somewhat different from the argument he makes in his appeal