**UNITED STATES of America, Plaintiff–Appellee,**

**v.**

**Ernesto CHAVEZ–COTA, Defendant–Appellant.**

**No. 02–50537.**

**D.C. No. CR–02–00732–BTM.**

United States Court of Appeals, Ninth Circuit.

Submitted June 9, 2003.*

Decided June 12, 2003.

Before RYMER, THOMAS and SILVERMAN, Circuit Judges.

### MEMORANDUM**

Ernesto Chavez–Cota appeals his jury trial conviction for importation of marijuana, in violation of 21 U.S.C. §§ 952 and 960, and possession with the intent to distribute marijuana, in violation of 21 U.S.C. § 841(a)(1). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Chavez–Cota contends that the district court erred by admitting the statements he made to Agent Scharf into evidence because the *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966) warnings were inadequate. We review de novo the adequacy of a *Miranda* warning,

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

but review for clear error any factual findings. *United States v. Lares–Valdez,* 939 F.2d 688, 689 (9th Cir.1991) (per curiam). Based on our review of the record, we conclude that the district court's finding was not erroneous.

Chavez–Cota next argues that the district court erred by finding that he voluntarily, knowingly and intelligently waived his *Miranda* rights. We review for clear error a finding that a waiver was knowing and intelligent, but review de novo a finding that the waiver was voluntary. *United States v. Bautista–Avila,* 6 F.3d 1360, 1364 (9th Cir.1993). Based on our review of the record, we conclude that the district court's findings were not clearly erroneous. *See id.*

Chavez–Cota also argues that the district court erred by finding that he selectively invoked his right to remain silent. We review for clear error the district court's factual findings concerning the words a defendant uses to invoke his *Miranda* rights, and review de novo whether those words actually did invoke his rights. *United States v. Ogbuehi,* 18 F.3d 807, 813 (9th Cir.1994). Based on our review of the record, we conclude that the district court's finding was not clearly erroneous. *See Bruni v. Lewis,* 847 F.2d 561, 563 (9th Cir.1988) (stating that a defendant may selectively waive his *Miranda* rights by agreeing to answer some questions but not others).

Chavez–Cota also contends that the district court erred in admitting Agent Scharf's testimony as to Inspector Becerra's translation of his post-arrest statements. The district court's decision that Agent Scharf's testimony was not hearsay and did not violate the Confrontation Clause comports with the test set forth in *United States v. Nazemian,* 948 F.2d 522, 527 (9th Cir.1991). Accordingly, the district court did not err in admitting the testimony.

Finally, Chavez–Cota contends that the district court erred by denying his motion to dismiss the indictment because 21 U.S.C. §§ 841 and 960 are unconstitutional pursuant to *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). Our holdings in *United States v. Buckland,* 289 F.3d 558, 572 (9th Cir.) (en banc) (§ 841), *cert. denied,* 535 U.S. 1105, 122 S.Ct. 2314, 152 L.Ed.2d 1067 (2002) and *United States v. Mendoza–Paz,* 286 F.3d 1104, 1110 (9th Cir.) (§ 960), *cert. denied,* —— U.S. ——, 123 S.Ct. 573, 154 L.Ed.2d 459 (2002) foreclose this argument. *See also United States v. Hernandez,* 322 F.3d 592, 602 (9th Cir.2003) (holding that *Harris v. United States,* 536 U.S. 545, 122 S.Ct. 2406, 153 L.Ed.2d 524 (2002) does not overrule *Buckland* or *Mendoza–Paz*).

In the alternative, Chavez–Cota contends that the government was required to allege in the indictment, present to the grand jury, and prove beyond a reasonable doubt that Chavez–Cota knew the type and quantity of controlled substance he was alleged to have imported. We rejected this contention in *United States v. Carranza,* 289 F.3d 634, 644 (9th Cir.), *cert. denied,* —— U.S. ——, 123 S.Ct. 572, 154 L.Ed.2d 458 (2002), and do so here.

**AFFIRMED.**