DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from an Athens County Common Pleas Court judgment that granted the motion to suppress evidence filed by Jeremy Ulery, defendant below and appellee herein.
 {¶ 2} Appellant, the State of Ohio, raises the following assignment of error for *Page 2 
review:
 "THE TRIAL COURT ERRED BY SUPPRESSING ULERY'S STATEMENT."
 {¶ 3} On May 14, 2007, the Athens County Grand Jury returned an indictment charging appellee with gross sexual imposition in violation of R.C. 2907.05(A)(4). Appellee entered a not guilty plea. Subsequently, appellee filed a motion to suppress statements and evidence obtained during police questioning. Appellee claimed that law enforcement officers violated the rule set forth in Miranda v. Arizona (1966),384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 by failing to inform him that a lawyer would be provided to him before questioning at no cost. The particular version of the warnings at issue in this case provide:
 "You have the right to remain silent.
 Anything you say, can and will be used against you in a court of law.
 You have the right to a lawyer and to have him with you while you are being questioned.
 If you cannot afford a lawyer, one may be appointed to represent you, if you wish.
 You can decide at any time to exercise these rights and not answer questions or make any statements."
 {¶ 4} The trial court concluded that the warnings failed to comply with Miranda. Thus, the court granted appellee's motion to suppress statements made during the custodial interrogation. The court determined that although the warnings advised appellee of his right to have counsel present during questioning, the warnings (1) did not advise appellee of his right to consult with counsel before questioning began; and (2) failed to adequately convey to appellee his right to appointed counsel. The court noted that the warnings stated that a lawyer "may be appointed to represent [appellee]" *Page 3 
and that the use of the word "may" conveyed to appellee "that if he cannot afford a lawyer, it is possible that one will be appointed to represent him if he wishes." The use of the word "may," the court concluded, did not "adequately convey the requirement that a lawyer must, or will, be appointed prior to questioning for an indigent defendant who so requests." This appeal followed.
 {¶ 5} In its sole assignment of error, appellant asserts that the trial court erred by granting appellee's motion to suppress evidence. In particular, appellant contends that the law enforcement officers adequately advised appellee of his Miranda rights. We agree with appellant.
 {¶ 6} Our analysis begins with the well-settled premise that appellate review of a trial court's decision on a motion to suppress involves mixed questions of law and fact. See, e.g., State v. Book,165 Ohio App.3d 511, 847 N.E.2d 52, 2006-Ohio-1102, at ¶ 9; State v. Long (1998),127 Ohio App.3d 328, 332, 713 N.E.2d 1. In hearing such motions, trial courts assume the role of trier of fact and are in the best position to resolve factual disputes and to evaluate witnesses credibility. See, e.g., State v. Burnside, 100 Ohio St.3d 152, 797 N.E.2d 71,2003-Ohio-5372, at]}8; State v. Mills (1992), 62 Ohio St.3d 357, 366,582 N.E.2d 972. Appellate courts must accept a trial court's factual findings so long as competent and credible evidence supports those findings. See, e.g., State v. Metcalf (1996), 111 Ohio App.3d 142, 145,675 N.E.2d 1268; State v. Harris (1994), 98 Ohio App.3d 543, 546,649 N.E.2d 7. Appellate courts then independently review whether the trial court properly applied the law to the facts. See, e.g., Book, supra at ¶ 9; State v. Williams (1993), 86 Ohio App.3d 37, 41, 619 N.E.2d 1141. We recognize, however, that in the case sub judice the applicable facts are largely uncontroverted. With these principles in mind, we turn to the case at bar. *Page 4 
 {¶ 7} "Statements made by a defendant in response to interrogation while in police custody are not admissible unless the defendant has first been [apprised] of the constitutional right against self-incrimination and has validly waived this right." Id. (citingMiranda v. Arizona, 384 U.S. 436, 478-79, 86 S.Ct. 1602, 16 L.Ed.2d 694
(1966)). To protect an accused's right against self-incrimination, "prior to any questioning" law enforcement officers must inform an accused "that he has the right to remain silent, that anything he says can be used against him in a court of law, that he has the right to the presence of an attorney, and that if he cannot afford an attorney one will be appointed for him prior to any questioning if he so desires." Id. at 479.
 {¶ 8} When a court considers the sufficiency of a Miranda warning, "[t]he overarching concern * * * is whether it is given in a manner that effectuates its purpose of reasonably informing a defendant of his rights. The words themselves are not magical and are not curative of interrogation mistakes that occur before it is given: `Just as "no talismanic incantation [is] required to satisfy [Miranda's] strictures,"California v. Prysock, 453 U.S. 355, 359 [101 S.Ct. 2806,69 L.Ed.2d 696] (1981) (per curiam), it would be absurd to think that the mere recitation of the litany suffices to satisfy Miranda in every conceivable circumstance. "The inquiry is simply whether the warnings reasonably `conve[y] to [a suspect] his rights as required byMiranda.'" Duckworth v. Eagan, 492 U.S. 195, 203 [109 S.Ct. 2875,106 L.Ed.2d 166] (1989) (quoting Prysock, supra, at 361 [101 S.Ct. 2806,69 L.Ed.2d 696]).' Missouri v. Seibert (2004), 542 U.S. 600, 611,124 S.Ct. 2601, 159 L.Ed.2d 643." State v. Farris, 109 Ohio St.3d 519,849 N.E.2d 985, 2006-Ohio-3255, at ¶ 17-18. Thus, "[r]eviewing courts * * * need not examine Miranda warnings as if construing a will or defining the terms of an easement." *Page 5 Prysock, 453 U.S. at 361. As the court explained in State v. Foust,105 Ohio St.3d 137, 823 N.E.2d 836, 2004-Ohio-7006, at]}68:
 "The Supreme Court has never insisted that Miranda warnings be given in the exact form described in that decision. Instead, the court has stated that `"the `rigidity' of Miranda [does not] exten[d] to the precise formulation of the warnings given a criminal defendant," and that "no talismanic incantation [is] required to satisfy its strictures."' Duckworth v. Eagan (1989), 492 U.S. 195, 202-203, 109 S.Ct. 2875, 106 L.Ed.2d 166, quoting California v. Prysock (1981), 453 U.S. 355, 359, 101 S.Ct. 2806, 69 L.Ed.2d 696. `Reviewing courts therefore need not examine Miranda warnings as if construing a will or defining the terms of an easement. The inquiry is simply whether the warnings reasonably "conve[y] to [a suspect] his rights as required by Miranda.'" Duckworth at 203, 109 S.Ct. 2875, 106 L.Ed.2d 166, quoting Prysock at 361, 101 S.Ct. 2806, 69 L.Ed.2d 696."
 {¶ 9} Law enforcement officers satisfy theMiranda warning requirements when `"prior to the initiation of questioning, * * * [they] * * * fully apprise the suspect of the State's intention to use his statements to secure a conviction, and * * * inform him of his rights to remain silent and to "have counsel present * * * if [he] so desires.'""State v. Dailey (1990), 53 Ohio St.3d 88, 90-91,559 N.E.2d 459, quoting Moran v. Burbine (1986),475 U.S. 412, 420, 106 S.Ct. 1135, 1140,89 L.Ed.2d 410. Thus, for example, in Duckworth the court determined that the following warnings adequately complied with Miranda: `"that [the suspect] had the right to remain silent, that anything he said could be used against him in court, that he had the right to speak to an attorney before and during questioning, that he had "this right to the advice and presence of a lawyer even if [he could] not afford to hire one," and that he had the "right to stop answering at any time until [he] talked to a lawyer.'"" State v. Dailey (1990),53 Ohio St.3d 88, 90-91, 559 N.E.2d 459, quotingDuckworth, 492 U.S. at 203.
 {¶ 10} In Dailey, the Ohio Supreme Court held that Miranda warnings were *Page 6 
adequate, even though the warnings failed to explicitly refer to the "appointment of counsel." The Dailey warning form stated:
 "Before you are asked any questions you must understand your rights. You have the right to remain silent. Anything you say can be used against you in court. You have the right to talk to a lawyer for advice before we ask you any questions and to have him with you during questioning. You have the same right to the advice and presence of a lawyer even if you cannot afford to hire one. If you decide to answer questions now without a lawyer present you will still have the right to stop answering at any time. You also have the right to stop answering at any time until you talk to a lawyer."
Id. at 89. In holding the warnings adequate, the court stated: "The warnings read to the defendant clearly apprised him of the state's intention to use his statement to secure a conviction, informed him of his right not to answer questions and to have counsel present even if he could not afford to hire one." Id. at 91.
 {¶ 11} In Foust, supra, at ffl|69-70, the Ohio Supreme Court explained other situations in which courts have upheld Miranda warnings:
 "Police do not have to provide additional warnings to a suspect beyond what Miranda requires. Indeed, in State v. Edwards (1976), 49 Ohio St.2d 31, 39-41, 3 O.O.3d 18, 358 N.E.2d 1051, we found that Miranda warnings were adequate even though the defendant was not explicitly asked whether he wanted an attorney. * * * *
 Federal courts have also rejected challenges to the adequacy of Miranda warnings based on the absence of additional warnings. See, e.g., United States v. Ricks (C.A.6, 1993), 989 F.2d 501, unpublished opinion, 1993 WL 78781 (suspect need not be informed that he has the right to stop answering questions at any time); United States v. Lares-Valdez (C.A.9, 1991), 939 F.2d 688 (suspect need not be advised of the right to have questioning stopped at any time, of the option to answer some questions but not others, or that some questions may call for *Page 7 
incriminating responses); United States v. Caldwell (C.A.8, 1992), 954 F.2d 496, 501-504
(suspect need not be explicitly advised of his right to counsel before and during questioning); United States v. DiGiacomo (C.A.10, 1978), 579 F.2d 1211, 1214 (no express requirement under Miranda to advise suspects of the right to terminate questioning).
 {¶ 12} In the case at bar, we believe that theMiranda warnings at issue sufficiently apprised appellee that he had the right to remain silent (the warnings stated, "You have the right to remain silent"), that anything he said could be used against him in a court of law (the warnings stated, "Anything you say, can and will be used against you in a court of law"), that he had the right to the presence of an attorney (the warnings stated, "You have the right to a lawyer and to have him with you while you are being questioned"), and that if he could not afford an attorney, one will be appointed for him prior to any questioning if he so desires (the warnings stated, "If you cannot afford a lawyer, one may be appointed to represent you, if you wish"). The warnings further advised appellee that he could "decide at any time to exercise these rights and not answer questions or make any statements." Considered as a whole, we believe that the warnings collectively, reasonably and adequately conveyed to appellee his constitutional rights as provided for under Miranda.Prysock. Although we agree with the trial court that the warning did not explicitly track the language of Miranda, courts have universally held that law enforcement agencies need not parrot the exact language of Miranda (even though we agree, it may be the better practice to do so). See, e.g.,Prysock; Duckworth; Foust.
 {¶ 13} We also disagree with appellee's argument that the use of the word *Page 8 
"may" when referring to the appointment of counsel means that he did not understand that he had a right to the appointment of counsel. First, the warnings explicitly and unquestionably advised appellee that he had the right to have an attorney present with him during questioning. The use of the word "may" when referring to appointed counsel does not, we believe, convey the impression that appellee could not exercise his right to counsel or to do so would have been futile or somehow involve a discretionary act by the police officers. Furthermore, even though the warnings did not specifically and explicitly advise appellee that he had the right to talk with an attorney before any questioning began, we believe that the warnings, as a whole, sufficiently advised appellee of his right to consult with an attorney at any time. Thus, we agree with appellant that the trial court erroneously granted appellee's motion to suppress evidence.
 {¶ 14} We recognize, however, that the issue in the case sub judice was difficult to decipher and to decide. The wording of this particular warning creates some degree of uncertainity when none should exist.[ Thus, we welcome further scrutiny in this matter.
 {¶ 15} Accordingly, based upon the foregoing reasons, we hereby sustain appellant's sole assignment of error, reverse the trial court's judgment and remand the matter for further proceedings consistent with this opinion.
JUDGMENT REVERSED AND CAUSE REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION. *Page 9 
 JUDGMENT ENTRY
It is ordered that the judgment be reversed and this cause remanded for further proceedings consistent with this opinion. Appellant shall recover of appellee the costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Athens County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Abele, P.J Kline, J.: Concur in Judgment Opinion
 Harsha, J.: Dissents *Page 1