**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-30259 |
| Plaintiff - Appellee, | D.C. No. 3:08-cr-00099-KI-1 |
| v. | |
| DAVID WINSOR, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Oregon
Garr M. King, Senior District Judge, Presiding

Submitted December 2, 2013[**]
Seattle, Washington

Before: TALLMAN and BEA, Circuit Judges, and MURPHY, District Judge.[***]

David Winsor appeals from his conditional guilty plea to receiving child

pornography in violation of 18 U.S.C. §§ 2252(a)(2)(A) and 2252A(b)(1). Winsor

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Stephen Joseph Murphy, III, District Judge for the U.S. District Court for the Eastern District of Michigan, sitting by designation.

challenges the district court's denial of two motions to suppress evidence. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Winsor seeks to suppress evidence seized from his home pursuant to a search warrant. The district court determined that the warrant's supporting affidavit failed to establish probable cause, but nonetheless denied the motion after concluding that the officers conducting the search acted in good faith and in reasonable reliance on the warrant. *See United States v. Kow*, 58 F.3d 423, 428 (9th Cir. 1995).

We review de novo the district court's application of the good-faith reliance exception. *United States v. Crews*, 502 F.3d 1130, 1135 (9th Cir. 2007). The affidavit in this case established at least a colorable argument for probable cause, in that "thoughtful and competent" judges might disagree about the existence of probable cause. *See United States v. Luong*, 470 F.3d 898, 903 (9th Cir. 2006). The affidavit established that Winsor made two purchases in two days on two websites that, according to the ICE agent's affidavit, contained child pornography. This establishes at least a colorable argument for probable cause. *See id*.

Winsor points to two cases in which this court refused to apply the good-faith exception, but in both cases the supporting affidavit was considerably weaker than the affidavit here. *See United States v. Grant*, 682 F.3d 827 (9th Cir. 2012);

2

*Luong*, 470 F.3d 898. This case does not present any of the four situations that preclude a finding that reliance on a warrant was objectively reasonable. *Luong*, 470 F.3d at 902.

Also critical to our holding is that the affiant consulted with a government attorney before submitting the affidavit. *See United States v. Brown*, 951 F.2d 999, 1005 (9th Cir. 1992) (an officer's consultation with a government attorney is of "significant importance to a finding of good faith"). The affiant "discussed the search warrant and accompanying affidavit in this case with Assistant United States Attorney (AUSA) Greg Nyhus" and "AUSA Nyhus stated that in his opinion, the affidavit support[ed] probable cause and [was] legally sufficient for issuance of the warrant." On this record, "a reasonably well trained officer would [not] have known that the search was illegal despite the magistrate's authorization." *Luong*, 470 F.3d at 902 (citations omitted).[1]

Winsor contends next that the district court improperly denied his motion to suppress his confession. We need not decide whether Winsor was in custody when he confessed because, even if he was, we see no error in the district court's finding

---

[1] Because we affirm the district court's application of the good-faith exception, we decline to address whether the affidavit provided probable cause.

that he voluntarily, knowingly, and intelligently waived his *Miranda* rights and voluntarily confessed.

We review de novo the district court's determination that a defendant's confession and *Miranda* waiver were voluntary, and for clear error the district court's conclusion that the defendant's *Miranda* waiver was knowing and intelligent. *United States v. Bautista-Avila*, 6 F.3d 1360, 1364 (9th Cir. 1993).

The district court did not err. The officers did not extract Winsor's waiver or confession by threat, violence, direct or implied promise, or improper influence. *See United States v. Leon Guerrero*, 847 F.2d 1363, 1366 (9th Cir. 1988). The questioning officer told Winsor he was not under arrest and was free to leave. Winsor conceded that nobody told him he must speak to the officers. He knew the nature of the charged offense when he confessed. *See United States v. Shi*, 525 F.3d 709, 730 (9th Cir. 2008) (knowledge of the offense is relevant to voluntariness). And before confessing, he had been read (and acknowledged in writing that he received) his *Miranda* rights, and thus knew of his right to counsel. *See id.* (being advised of right to counsel is relevant to voluntariness).

Winsor says the officers implied he could avoid arrest by cooperating and providing a statement, and he points to his non-arrest that day as evidence. But

4

this "evidence" is consistent with the officers' statements to Winsor—before his *Miranda* waiver and confession—that he was free to leave at any time.

Winsor also contends that the officers told him half-truths to elicit his confession. The officers had no obligation to tell Winsor that their questions would provoke incriminating answers. *See United States v. Lares-Valdez*, 939 F.2d 688, 690 (9th Cir. 1991). Nor were they prohibited from suggesting that his cooperation could result in leniency. *See United States v. Harrison*, 34 F.3d 886, 891 (9th Cir. 1994). Winsor does not allege that the officers threatened a *longer* sentence if he was uncooperative. *See id.* That Winsor's crime carried a five-year mandatory minimum term is irrelevant here because the government can (and did) recommend a three-level downward departure for timely acceptance of responsibility until Winsor decided not to waive his right to appeal and not to enter a timely guilty plea.

Finally, Winsor argues that he invoked his right to counsel after receiving and waiving his *Miranda* warnings but before confessing. "Invocation of the *Miranda* right to counsel requires, at a minimum, some statement that can reasonably be construed to be an expression of a desire for the assistance of an attorney." *Davis v. United States*, 512 U.S. 452, 459 (1994) (quotation marks and citations omitted). "But if a suspect makes a reference to an attorney that is

5

ambiguous or equivocal in that a reasonable officer in light of the circumstances would have understood only that the suspect *might* be invoking the right to counsel, our precedents do not require the cessation of questioning." *Id.* (citations omitted; emphasis in original). This court reviews for clear error the district court's factual finding at the evidentiary hearing concerning the defendant's words; we review de novo whether those words actually invoked the right to counsel. *United States v. Ogbuehi*, 18 F.3d 807, 813 (9th Cir. 1994). The district court concluded that Winsor said something like, "I think I'd like an attorney . . . . Shouldn't I have an attorney here?" This factual finding is supported by the record. *See id.*

We must not find an otherwise unambiguous statement ambiguous based on subsequent responses to continued police questioning. *Smith v. Illinois*, 469 U.S. 91, 97-98 (1984). Even if we determined that the words, "I think I'd like an attorney" by themselves constituted an unequivocal request for counsel, Winsor testified that his two-part statement ("I think I'd like an attorney" and "Shouldn't I have an attorney here?") was separated only by "a couple of moments" of silence, and was not interrupted by additional questioning. Nor does the record indicate that the officers attempted to engineer the "couple of moments" of silence to elicit subsequent equivocation. We thus read Winsor's statement as a whole, *see*

6

*Robinson v. Borg*, 918 F.2d 1387, 1391 (9th Cir. 1990) (analyzing defendant's two uninterrupted statements together), and find that Winsor's statement was equivocal rather than an unambiguous request for counsel, *see Davis*, 512 U.S. at 462 ("Maybe I should talk to a lawyer" was ambiguous); *Norman v. Ducharme*, 871 F.2d 1483, 1486 (9th Cir. 1989) (defendant's question to a police officer of whether he should see a lawyer did not constitute even an equivocal request for counsel), *cert. denied*, 494 U.S. 1031 (1990); *Clark v. Murphy*, 331 F.3d 1062, 1070-71 (9th Cir. 2002) *overruled on other grounds by Lockyer v. Andrade*, 538 U.S. 63 (2003) (state court's determination that statements, "I think I would like to talk to a lawyer" and "should I be telling you, or should I talk to an attorney?" were ambiguous was not an unreasonable application of Supreme Court precedent); *United States v. Ogbuehi*, 18 F.3d 807, 813 (9th Cir. 1994) ("Do I need a lawyer?" was a request for an opinion, not an attorney). The district court thus properly denied Winsor's motion to suppress his confession.

**AFFIRMED**.