**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAY 15 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.   20-50351 |
| Plaintiff-Appellee, | D.C. No. 3:20-mj-20174-WVG-CAB-1 |
| v. | |
| DANIELA LEDESMA-SALDIVAR, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Cathy Ann Bencivengo, District Judge, Presiding

Submitted May 11, 2023**
Pasadena, California

Before:  HURWITZ and R. NELSON, Circuit Judges, and KANE,*** District Judge.

Daniela Ledesma-Saldivar appeals her conviction of misdemeanor improper attempted entry by an alien in violation of 8 U.S.C. § 1325(a)(1).  We have

---

\*        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\**        The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

\***        The Honorable Yvette Kane, United States District Judge for the Middle District of Pennsylvania, sitting by designation.

jurisdiction under 28 U.S.C. § 1291, and we affirm.

1.     Ledesma-Saldivar first argues that the Government failed to satisfy its obligations under the *corpus delicti* rule. Under this rule, a "confession standing alone is not necessarily sufficient to support [a] conviction" because "to serve as a basis for conviction, the government must also adduce some independent corroborating evidence." *United States v. Valdez-Novoa*, 780 F.3d 906, 922 (9th Cir. 2015) (quoting *United States v. Corona-Garcia*, 210 F.3d 973, 978 (9th Cir. 2000)). The government "need not introduce independent evidence of every element of the crime." *United States v. Lopez-Alvarez*, 970 F.2d 583, 591 (9th Cir. 1992). It must "support independently only the gravamen of the offense—the existence of the injury that forms the core of the offense and a link to a criminal actor—with tangible evidence." *Id.*

Ledesma-Saldivar argues that the core of § 1325(a)(1) includes the specific method of entry, so the Government must provide some independent corroborating evidence that she entered the U.S. outside a port of entry. Assuming arguendo that the *corpus delicti* rule applies and the core of § 1325(a)(1) includes the method of entry, the Government provided sufficient corroborating evidence. The Government showed that Ledesma-Saldivar was apprehended in a remote and rugged area near the border, without any outdoor gear, traveling toward the nearest port of entry. This evidence corroborates Ledesma-Saldivar's confession that "she walked through the

2

mountains around Tijuana, Mexico, to the United States" and verifies the trustworthiness of her admission. *See Valdez-Novoa*, 780 F.3d at 923–24.

2.   Ledesma-Saldivar next contends that the district court erred by denying her motion to suppress her confession, arguing that the Government did not meet its burden to show that Ledesma-Saldivar was advised of her rights under *Miranda v. Arizona*, 384 U.S. 436 (1966). "The adequacy of a *Miranda* warning is a legal question reviewable de novo, although 'the factual findings underlying the adequacy challenge, such as what a defendant was told, are subject to clearly erroneous review.'" *United States v. Lares-Valdez*, 939 F.2d 688, 689 (9th Cir. 1991) (per curiam) (quoting *United States v. Bland*, 908 F.2d 471, 472 (9th Cir. 1990)).

The district court's finding that Ledesma-Saldivar was advised of her *Miranda* rights was not clearly erroneous. The agent testified that he "read her the *Miranda* rights," going "line by line" on the I-214 Form, the form indicated that she understood her rights, she signed the form, and she specifically initialed the section stating that she understood her rights and would speak without an attorney present. *See United States v. Loucious*, 847 F.3d 1146, 1151 (9th Cir. 2017) ("The police can always be certain that *Miranda* has been satisfied if they simply read the defendant his rights from a prepared card." (cleaned up)).

3.   Lastly, Ledesma-Saldivar argues that the Government failed to show that she was the person apprehended by border officials because the arresting agent

3

testified during trial that the person he apprehended was "Danieli," not "Daniela" (Ledesma-Saldivar's first name). She also challenges both in-court identifications because she was wearing a mask in the courtroom and the agents could not see her entire face. This is a sufficiency of the evidence challenge, so we must determine whether, viewing the evidence in the light most favorable to the government, a rational trier of fact could have identified Ledesma-Saldivar as the arrested individual beyond a reasonable doubt. *United States v. Lindsey*, 634 F.3d 541, 551 (9th Cir. 2011).

The Government presented evidence that (1) the interrogating agent testified that he confirmed during the post-arrest interview that the suspect's name was Daniela; (2) another agent's database search used the name Daniela; and (3) the arresting agent and the interrogating agent both identified Ledesma-Saldivar in the courtroom as the suspect they encountered. *See United States v. Ginn*, 87 F.3d 367, 369 (9th Cir. 1996) ("The testimony of one witness, if solidly believed, is sufficient to prove the identity of a perpetrator of crime." (cleaned up)); *United States v. Smith*, 563 F.2d 1361, 1362–63 (9th Cir. 1977) (upholding a witness's in-court identification of a suspect who was wearing "a scarf covering the bottom half of his face" during the robbery). Viewing this evidence in the light most favorable to the Government, we hold that a rational factfinder could identify Ledesma-Saldivar beyond a reasonable doubt as the person arrested. *See Lindsey*, 634 F.3d at 551.

4

**AFFIRMED.**